## REITER-FOSTER OIL CO. et al. v. BRODERSON.

No. 23327.   Opinion Filed Feb. 14, 1933.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Cooke & Jackson, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

WELCH, J.  The facts disclosed by the record are that the claimant, M. A. Broderson, an employee of Reiter-Foster Oil Company, was engaged in digging a ditch to uncover a pipe line on September 3. 1931, and shortly before noon of that day, which was a very hot day, he suffered a sunstroke, or heat prostration, causing an injury and resultant disability.

A hearing was had and testimony taken on December 10, 1931, which was thereafter considered, and the cause determined by the State Industrial Commission on January 2, 1932, at which time the Commission found, in substance, that the claimant sustained an accidental injury from heat exhaustion while engaged in a hazardous occupation coming under the provisions of the Workmen's Compensation Law; that as a result thereof the claimant was temporarily totally disabled from the date of said injury, and still is disabled from the performance of ordinary manual labor, and made award to the claimant.

The petitioners, employer and insurance carrier, prosecute this action to review the award upon two propositions, to wit:

(1)   "There is no competent evidence in the record to sustain the finding of the Commission that the claimant sustained an accidental personal injury arising out of and in the course of his employment.

(2)   "There is no competent evidence to show that the claimant was totally disabled on the date of the last hearing in this cause."

Upon the first proposition, petitioners urge that the injury to the claimant did not result "in the course of" employment, and did not arise "out of" the employment, and insists that there is no evidence to show that there was anything in connection with the work being done, or the circumstances thereof, which would increase the danger of claimant to overheating above the danger to any person not so employed on that same hot day.

We are unable to agree with this view. The testimony shows in detail the depth of the ditch in which claimant was working, the size of the embankments of excavated earth, the general situation and lay of the ground, the proximity of buildings, timber, a large gasoline plant, and numerous tanks.  This was one of the questions of fact to be determined by the Commission; that determination was in favor of the claimant and against this first proposition of the petitioners herein; there was competent evidence to sustain this determination.

Upon the second proposition, the State Industrial Commission found that claimant was temporarily totally disabled from the date of his injury, and still is disabled from the performance of his ordinary manual labor, and awarded payments weekly until the further order by the Commission. This determination by the Commission is supported by the testimony of the claimant and doctors who treated him for his injury, and who examined him at various times between the date of the injury and the date of the hearing, who expressed their opinion as to the extent of his disability.  The claimant testified he was unable to work and answered in detail as to his difficulties when he tried to do light work.  Three physicians testified as to claimant's symptoms and condition; one expressed the opinion claimant was then unable to do ordinary manual labor, another was of the opinion the claimant should return to light work, but was not ready to do hard work, the third was of the opinion claimant should be able to do light work and in two or three months from the date of the hearing to return to heavy work, but at the time of the hearing that claimant should not go out and do ordinary manual labor.  The evidence is competent and is sufficient to support this determination in claimant's favor.

Having found that there is competent evidence to support the conclusions of fact reached by the State Industrial Commission, the award must be sustained. It is held in an unbroken line of cases that this court will not disturb the findings of fact by the Commission where such findings are so supported by competent evidence.

The petition to review the award is therefore denied, and the award of the State Industrial Commission is affirmed.

SWINDALL, ANDREWS, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.